ELIZABETH RHODES, SBN 218480
elizabeth.rhodes@ogletree.com
ERIC F. DELLA SANTA, SBN: 310458
eric.dellasanta@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 Capitol Mall, Suite 2800
Sacramento, CA  95814
Telephone:　　916-840-3150
Facsimile:　　916-840-3159

Attorneys for CAPITAL ONE, N.A., and MARY
DICKINS (erroneously sued as MARY
DICKSON)

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES WHITE,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CAPITAL ONE, National Association; MARY DICKSON, an individual; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No. _____<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332 (DIVERSITY JURISDICTION)**<br><br>[Filed Concurrently with Civil Cover Sheet, Certificate of Interested Parties and Corporate Disclosure Statement]<br><br>Action Filed:　　　April 8, 2024<br>Trial Date:　　　　None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF DOLORES WHITE AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants CAPITAL ONE, N.A. ("Defendant Capital One"), and MARY DICKINS (erroneously sued as MARY DICKSON) ("Defendant Dickins") (collectively, "Defendants"), hereby remove the above-entitled action from the Fresno County Superior Court to the United States District Court for the Eastern District of California. This matter may be removed under 28 U.S.C. §§ 1332, 1441, and 1446[1] on the grounds that this is a civil action

---

[1] Unless noted otherwise, all references to the Code of "Section" refer to Chapter 28 of the United States Code.

1

NOTICE OF REMOVAL

between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. The foregoing facts were true at the time of Plaintiff's filing of the Complaint and remain true today.

## I. THE STATE COURT ACTION

1. Plaintiff Dolores White ("Plaintiff") is a former employee of Capital One , N.A. On April 8, 2024, Plaintiff filed an action entitled *Delores White v. Capital One et al.*" in Fresno County Superior Court, Case No. 24CECG01531.

2. Plaintiff's Complaint alleges eighteen (18) separate causes of action, including: (1) Labor Code § 246.5 Retaliation; (2) Breastfeeding/Pregnancy Harassment (Gov. Code § 12940 et seq.); (3) Breastfeeding/Pregnancy Discrimination (Gov. Code § 12940 et seq.); (4) Physical Disability Harassment (Gov. Code § 12940(j)); (5) Physical Disability Discrimination (Gov. Code § 12940(a)); (6) FEHA Retaliation (Gov. Code § 12940 et seq.); (7) CFRA Retaliation; (8) CFRA Interference; (9) Failure to Engage in the Interactive Process (Gov. Code § 12940(n)); (10) Failure to Accommodate (Gov. Code § 12940(m)); (11) Failure to Prevent Discrimination, Harassment, and Retaliation (Gov. Code § 12940(k)); (12) Failure to Pay Minimum Wages; (13) Failure to Pay Wages Owed; (14) Failure to Pay Overtime Wages; (15) Violation of Labor Code § 1033(a); (16) Failure to Provide Accurate, Itemized Wage Statements; (17) Waiting Time Penalties; and (18) Violation of Business & Professions Code § 17200 et seq. A true and correct copy of the Complaint is attached as **Exhibit A**.

3. On April 29, 2024, service of a copy of the Summons, Complaint, and Notice of Case Management Conference was effected when Defendants timely executed a Notice and Acknowledgment of Receipt packet. A true and correct copy of the signed Notice and Acknowledgment of Receipt packet, with the Summons and Notice of Case Management is attached as **Exhibits B and C**.

4. The above documents constitute all known pleadings, processes, and/or other documents received by Defendants or otherwise filed in this action to date.

5. Plaintiff has not identified any of the fictitiously sued "Doe" defendants at this time.

6. As noted more fully below, Defendants will provide prompt written notice of this

Notice of Removal to Plaintiff and the Clerk of the Fresno County Superior Court pursuant to 28 U.S.C. § 1446(d).

## II.    REMOVAL IS TIMELY

7.    A defendant in a civil action has thirty days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b); *see Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

8.    As previously noted, service on Defendants was effected when Defendants timely executed a Notice and Acknowledgment of Receipt packet on April 29, 2024. This filing is made within 30 days of that service. As such, this removal is timely.

## III.    REMOVAL IS PROPER ON THE BASIS OF DIVERSITY PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

9.    The above-described action is one over which the Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b).  This is a civil action where the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between citizens of different states such that complete diversity exists. 28 U.S.C. § 1441(b).

10.    28 U.S.C. § 1441 provides that any civil action brought in state court over which the district courts of the United States have original jurisdiction may be removed to the district court embracing the place where the state court action is pending.  Here, the Fresno County Superior Court is located within the jurisdiction of the United States District Court for the Eastern District of California, where Defendants remove this action. Therefore, removal to this Court is proper.

11.    Under Section 1446(a), a defendant seeking to remove a case to federal court need only file a "notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014) ("*Dart*"); 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Id.* at 87. "A statement 'short and plain' need not contain evidentiary submissions." *Id.* at 84.

//

## A.    DIVERSITY OF CITIZENSHIP EXISTS

12.    **Plaintiff is a Citizen of California:** For diversity purposes, an individual is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place where he or she resides with the intention to remain indefinitely, or the place to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residency is *prima facie* evidence of one's domicile. *State Farm Mut. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

13.    Plaintiff's Complaint does not specifically allege the state in which she is domiciled. However, Plaintiff does allege that she worked in Fresno County. Exhibit A, Complaint, ¶ 4. This is *prima facie* evidence that Plaintiff is domiciled in, and therefore a citizen of, the State of California.

14.    **Defendant Capital One is a Citizen of Virginia:** Capital One, N.A. is a federally chartered national bank under the supervision of the Officer of the Comptroller of the Currency. At all times relevant to this Notice of Removal, its main office is and has been in Virginia. (Declaration of Jason S. Frank in Support of Defendants' Notice of Removal, ¶ 3.) As a national banking association, Capital One, N.A's citizenship is determined solely by its main office, as designated in its articles of association. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006); 28 U.S.C. § 1348. *See also, Roue v Wachovia Mortg., FSB*, 747 F.3d 707, 709 (9th Cir. 2014) ("We conclude that, under 28 U.S.C. § 1348, a national bank is a citizen *only* of the state in which its main office is located.") (emphasis added). As such, Defendant Capital One is a citizen of the Commonwealth of Virginia for purposes of removal.

15.    **Defendant Mary Dickins is a Citizen of Florida:** Mary Dickins is, and at all times relevant to this Notice of Removal was, domiciled in Florida. (Declaration of Mary Dickins in Support of Defendants' Notice of Removal, ¶¶ 2-3.) Accordingly, Defendant Dickins is a citizen of the State of Florida.

16.    **The Citizenship of Doe Defendants is Irrelevant:** "For purposes of removal… the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441(b)(1). The inclusion of 'doe' defendants in a state court action thus has no effect on removability." *Newcombe v. Adolf Coors, Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (holding that only the named

4

defendants' citizenship shall be considered for diversity purposes); *Salveson v. Western States Bankcard Ass'n.,* 731 F.2d 1423, 1429 (9th Cir. 1984) (holding that non-served defendants are not required to join in a removal petition). Therefore, Plaintiff's inclusion of DOES 1-50 has no impact on this Court's diversity analysis.

17. **Complete Diversity Exists**: As set forth above, Defendants are citizens of Virginia and Florida. Plaintiff resides and worked in California, making her a citizen of California. Complete diversity therefore exists amongst the parties.

### B.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

18. Without admitting liability as to any and/or all of Plaintiff's claims for relief, Plaintiff's Complaint and the facts set forth below easily establish that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1446(c)(2)(A)-(B) (recognizing that the amount in controversy may be established by facts pled in the Notice of Removal); *see also*, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (recognizing that the Court may consider the pleadings for underlying facts establishing the jurisdictional minimum amount in controversy for purposes of removal). Plaintiff seeks to recover lost wages, salaries, benefits, incidental and consequential expenses and damages, liquidated, and punitive damages, and attorneys' fees. *See* Exhibit A, Complaint, Prayer for Relief.

19. Removal is proper because, based on the allegations of the Complaint and evidence presented in this Notice of Removal, it is more likely than not that the damages sought in connection with Plaintiff's five causes of action will exceed $75,000. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403-404 (9th Cir. 1996).

20. In making this determination, the Court shall consider the aggregate of all damages, including but not limited to, general, special, compensatory, and emotional distress damages. *Hunt v. Washington State Apple Advertising Comm'n.,* 432 U.S. 333, 347-48 (1977). The Court shall also consider statutory claims for attorneys' fees, regardless of whether such an award is mandatory or discretionary. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). The Court must even consider possible punitive damages awards where potentially recoverable under state law. *Davenport v. Mutual Ben. Health Acc. Ass'n.,* 325 F.2d 785, 787 (9th Cir. 1963). "The ultimate

NOTICE OF REMOVAL

inquiry is what amount is 'put in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). A defendant need not "research, state, and prove the plaintiff's claims for damages." *Id*. It may instead offer facts supporting the amount in controversy and/or produce evidence of jury verdicts for damages awarded in cases with analogous facts. *Vasquez v Arvato Digital Servs.,* No. CV 11-02836, 2011 WL 2560261 at *3 (C.D. Cal. June 2011).

21.    In recent disability discrimination and leave-related retaliation cases, juries up and down the State of California have issued awards well in excess of the court's $75,000 jurisdictional minimum. For example, in *Lave v. Charter Communications, LLC*, a jury in Riverside County awarded more than $1,000,000 in compensatory damages and attorneys' fees to a plaintiff on claims of retaliation in violation of the California Family Rights Act ("CFRA") and disability discrimination in violation of the FEHA. (2017 WL 2901375 – Riverside County Sup. Ct. Case No. RIC-15-08865). In Los Angeles County, a jury recently awarded more than $4,500,000 for claims including violations of the CFRA, disability discrimination, failure to accommodate disabilities, and failure to engage in the interactive process. *Hill v. Asian American Drug Abuse Program Inc.* (2018 WL 594277 – Los Angeles County Sup. Ct. Case No. BC582516). *See also, Matyka v. Federal Express Corp.* (1999 WL 1566772 – San Francisco Sup. Ct. Case No. 996450 - $250,000 for violations of the CFRA plus pending request for more than $400,000 in attorneys' fees as of reporting). Plaintiff's Complaint presents many of the same claims, including requests for compensatory, exemplary, and punitive damages.

### 1.    Economic Compensatory Damages

22.    Plaintiff alleges that as a result of Defendants' action, she suffered and continues to suffer, economic compensatory damages in the form of lost of past and future earnings and benefits. Exhibit A, Complaint, ¶¶ 35, 44, 52, 62, 71, 80, 89, 99, 107, 116,124, 153; Prayer for Relief ¶¶ 1-2, 4.

23.    Plaintiff was released from employment on or about January 4, 2024. According to Defendants' corporate employment records, at the time of her release, Plaintiff earned approximately $22.34 per hour. Declaration of Sammira Andrews in Support of Defendants' Notice of Removal, ¶

2. This does not include the benefits that Plaintiff was entitled to through her employment with Defendant Capital One, N.A. Plaintiff does not make any allegations regarding whether or when she sought alternative employment and/or whether and when she effectively mitigated her damages. *See* Exhibit A, Complaint, *passim*. As such, it is reasonable to project that Plaintiff seeks lost wages from January 4, 2024, through trial.

24.    According to the December 31, 2023 Judicial Caseload Profile for all United States District Courts, the median time from filing to trial for the Eastern District of California is 68 months, or over five years. Declaration of Eric F. Della Santa in Support of Defendant's Notice of Removal, ("Della Santa Decl.") ¶ 2, **Ex. D** [Judicial Case Load Profile].

25.    Conservatively forecasting this case to proceed to trial within just three (3) years of filing (May 2027) would mean that, if she established liability, Plaintiff's lost wages alone could total approximately $140,000.00.[2]  As such, Plaintiff's claimed lost wages alone, not even including benefits, meet the necessary jurisdictional threshold for the amount in controversy.

### 2.    Emotional Distress Damages

26.    In addition to lost wages, Plaintiff allegedly suffered "severe emotional distress" in an "amount to be proven at trial." Exhibit A, Complaint, ¶¶ 37, 46, 54, 64, 73, 82, 91, 101, 109, 118, 126, Prayer for Relief ¶¶ 2 & 14. Plaintiff's claims for emotional distress damages adds thousands of dollars to the amount in controversy. A review of jury verdicts in California demonstrates that emotional distress awards in leave retaliation cases commonly exceed $75,000. See *McCray v. Westrock Servs. LLC*, 2023 WL 6572683 (C.D. Cal. August 24, 2023) (award of $2,500,000 for pain and suffering to employee terminated based on disability leave and retaliation); *Sosa v. Comerica Bank et al.*, 2023 WL 8642072 (Los Angeles County Superior Court, No. BC675252) (award of $13,000,000 in pain and suffering to employee terminated based on discrimination and retaliation in violation of FEHA, including CFRA retaliation); *Yosifi v. The Regents of the University of California*, Los Angeles County Superior Court, No. BC724191, (December 5, 2023) (award of $5,000,000 for pain and suffering to employee terminated based on disability discrimination and

---

[2] This calculation is based on multiplying Plaintiff's approximate hourly wage of $22.34 by 2,080 (average annual hours paid for a full-time employee), and then multiplying that figure by 3 years.

7

retaliation); *Buron v. Occupational Health Centers of California*, Ventura County Superior Court, 31-2021-00026852-CU-WT-CTL (December 20, 2023) (award of $1,560,000 in pain and suffering to employee terminated for retaliation for taking a protected leave).

27. Therefore, Plaintiff's claimed emotional distress damages alone are likely to satisfy the amount in controversy requirement for removal.

### 3.    Attorneys' Fees

28. Plaintiff also seeks an award of attorneys' fees. Exhibit A, Complaint, ¶¶ 36, 45, 53, 63, 72, 81, 90, 100, 108, 117, 125, 136, 140, 148, 154, 160, 166, Prayer for Relief ¶ 9. Attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt G/S*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Haase*, 2009 WL 3368519, at *5 ("because attorney's fees are expressly authorized by statute, such fees may be included in determining the amount in controversy").

29. The Court must consider all attorneys' fees that at the time of removal can reasonably be anticipated will be incurred over the life of the case. *See Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles Fritsch to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy.").

30. In employment cases, fee awards alone normally eclipse the $75,000 amount in controversy requirement for diversity jurisdiction. *See Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1035 (ND. Cal. 2002) ("The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages"); *see also Akers v. Cnty. of San Diego*, 95 Cal. App. 4th 1441, 1445 (2002) (affirming "$249,345 in attorney fees" in gender discrimination case); *Equal Emp't Opportunity Comm'n v. Albion River Inn, Inc.*, No. 060V05356 (SI), 2008 WL 928368 (N.D. Cal. 2008) (awarding $75,000 in attorneys' fees in a single plaintiff case). "In estimating future attorneys' fees, district courts may likewise rely on their own knowledge of customary rates and their experience concerning reasonable and proper fees." *Fristsch*, 899 F.3d at 795 (internal quotation marks and citation omitted). As other courts have noted, employment

NOTICE OF REMOVAL

actions often "require substantial effort from counsel." *Id.*

31.     Courts throughout the Ninth Circuit have awarded attorneys' fees to a prevailing plaintiff in employment cases north of $300 per hour. For example, the United States District Court for the Northern District of California awarded attorneys' fees to a prevailing plaintiff asserting employment claims of $550 per hour (for an attorney with 20 years' experience) and $350 (for an attorney with 7 years' experience).  *See Andrade v. Arby's Rest. Grp., Inc.*, 225 F. Supp. 3d 1115, 1144 (N.D. Cal. 2016) (awarding over $42,000 in attorneys' fees for a default judgment). In the United States District Court for the Central District of California, a court considered $300 per hour and 100 hours expended to be a *conservative* estimate of attorneys' fees sought for purposes of removal, noting that employment claims require "substantial effort" from counsel resulting in fees that often exceed damages. *Garcia v. Ace Cash Express, Inc.*, No. SACV 14-0285-DOC, 2014 WL 2468344, at *3–5 (C.D. Cal. May 30, 2014).

32.     Defendants anticipate that the parties will propound written discovery, that depositions will be taken in this case, and that ultimately Defendants will file a Motion for Summary Judgment. Preparing for and responding to these actions alone is likely to trigger significant attorneys' fees.    Therefore, if Plaintiff is successful on any claim, Plaintiff could be entitled to an award of attorneys' fees that itself would "more likely than not" exceed $75,000, as is typical in employment discrimination cases.

### 4.    Punitive Damages

33.     Additionally, Plaintiff has pled for the recovery of punitive damages to deter and punish Defendants' allegedly unlawful conduct. Exhibit A, Complaint, ¶¶ 38, 47, 55, 65, 74, 83, 92, 102, 110, 119, 127, Prayer for Relief ¶ 12. The Court must consider Plaintiff's request for punitive damages in determining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action"); *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) (where authorized, punitive damages are considered as part of the amount in controversy in meeting the prerequisite

NOTICE OF REMOVAL

for diversity jurisdiction). Moreover, for amount in controversy purposes, the court must conclude that Plaintiff will prevail on her claim for punitive damages. *See Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (amount in controversy includes potential recovery of punitive damages award).

34.     Punitive damages may be substantial and in some cases even exceed the amount of compensatory damages. *See Carter v. CB Richard Ellis*, 2001 WL 34109371 (Orange County Superior Court, No. 816619) ($600,000 award of punitive damages in discrimination case).  In fact, courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged wrongful termination cases.  *See, e.g.*, *Leggins v. Thrifty Payless Inc. D/B/A Rite Aid Corporation*,  2015 Jury Verdicts LEXIS 7889 (Los Angeles County Superior Court, No. BC511139) (awarding $5,000,000 in punitive damages in case involving claims of age, disability and race harassment, discrimination, retaliation and wrongful termination, among other things); *Lopez v. Bimbo Bakeries USA, Inc*., 2007 WL 1765192 (San Francisco Superior Court, No. CGC-05-445104) (awarding $2,340,700 to former delivery driver claiming employer terminated her because of her disability leave); *McCray v Westrock Servs. LLC, supra,* 2023 WL 8642072 ($5,451,000 in punitive damages on $4,010,000 award).

35.     Further, in *State Farm Mut. Automobile Ins. Co. v, Campbell*, 538 U.S. 408 (2004), the United States Supreme Court held that the longstanding historical practice of setting punitive damages at two, three, or four times the size of compensatory damages, while "not binding," is "instructive," and that "single-digit multipliers are more likely to comport with due process." *Id*. at 425.

36.     Here, Plaintiff is alleging, in short, that Defendants committed multiple FEHA violations, including disability discrimination, failure to accommodate a disability, and termination of employment in retaliation for taking CFRA leave. Exhibit A, Complaint, *passim*. Therefore, in addition to Plaintiff's compensatory and emotional distress damages discussed above, and from a conservatively measured standpoint, Plaintiff's prayer for punitive damages all but ensures that the amount in controversy exceeds $75,000 — regardless of whether Defendants assert that they had one or more legitimate non-discriminatory and/or non-retaliatory reasons for their actions.  *See Haase v.*

10

NOTICE OF REMOVAL

*Aerodynamics Inc.*, No. 2:09-cv-01751-MCE- GGH, 2009 WL 3368519, at *3-4 (E.D. Cal. 2009) (finding that even a minimum award of punitive damages would satisfy the jurisdictional requirement).

### 5.      Summary of Amount in Controversy

37.      As demonstrated above, Plaintiff seeks past and future earnings in an amount that is more likely than not to exceed this Court's $75,000 jurisdictional threshold.  Additionally, Plaintiff's emotional distress damages, attorneys' fees, and punitive damages (if awarded) are all more likely than not to each exceed jurisdictional threshold as well. Combined then, the amount in controversy far exceeds $75,000, exclusive of interest and costs.

## IV.      VENUE IS PROPER IN THE EASTERN DISTRICT OF CALIFORNIA

38.      Without waiving Defendants' right to challenge, among other things, personal jurisdiction and/or venue by way of motion, responsive pleading, or otherwise, venue lies in the Eastern District of California pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 84(c). This action was originally filed by Plaintiff in the Fresno County Superior Court. That court is located within the boundaries of the Eastern District of California.  Therefore, removal to this Court is proper pursuant to 28 U.S.C. § 84(c) as it is within the "district embracing the place where [the] action is pending." 28 U.S.C. § 114(a).

## V.      SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446

39.      Pursuant to 28 U.S.C. § 1446(d), written notice of this filing of the Notice of Removal will be promptly delivered to Plaintiff and filed with the Clerk of the Fresno County Superior Court in the State Court Action.

40.      Defendants shall serve this Notice of Removal on counsel for Plaintiff. A copy of the Proof of Service regarding such service will be filed shortly thereafter.

41.      In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached hereto as **Exhibits A through C.**

## VI.      CONCLUSION

42.      As demonstrated above, this is a civil action between citizens of different states (California on the one side, and Virginia and Florida on the other), and the amount in controversy,

NOTICE OF REMOVAL

exclusive of interest and costs, exceeds $75,000. Therefore, Defendants respectfully request that this Court exercise its removal jurisdiction over this action.

DATED:  May 29, 2024

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:  */s/ Eric F. Della Santa*
      Elizabeth Rhodes
      Eric F. Della Santa

Attorneys for CAPITAL ONE, N.A., and MARY DICKINS (erroneously sued as MARY DICKSON)

12

NOTICE OF REMOVAL

62391481.v1-OGLETREE