# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DOLORES WHITE,** | |
| Plaintiff, | Case No.  1:24-cv-00633-SKO |
| v. | **ORDER VACATING HEARING AND DENYING DEFENDANTS' MOTION TO STAY DISCOVERY AS PREMATURE** |
| **CAPITAL ONE, N.A., et al.,** | (Doc. 25) |
| Defendants. | |

Pending before the Court is Defendants Capital One and Mary Dickins ("Defendants")' "Motion to Stay Discovery," filed December 27, 2024.  (Doc. 25).  Pursuant to Local Rule 251, the parties submitted their "Joint Statement re Discovery Disagreement – Defendants Capital One N.A.'s and Mary Dickins' Motion to Stay Discovery" (the "Joint Statement") on January 15, 2025. (Doc. 27)

After having reviewed the Joint Statement, the Court deems the motion suitable for decision without oral argument, and hearing set for January 29, 2025, will be vacated.  For the reasons set forth below, the motion is premature and shall be denied without prejudice.

## I.    BACKGROUND

On May 29, 2024, Defendants removed this action alleging eighteen causes of action related to Plaintiff's employment with Defendant Capital One, N.A. from the Fresno County Superior Court.  (*See* Doc. 1).

On October 23, 2024, the then-assigned District Judge granted the Defendants' Partial Motion to Dismiss (Doc. 6) and granted Plaintiff leave to amend.  (*See* Doc. 14).

That same day the case was reassigned to the undersigned in light of the parties' consent. (Doc. 15).

On November 12, 2024, Plaintiff filed a First Amended Complaint. (Doc. 16). On December 3, 3034, Defendants filed a Partial Motion to Dismiss Plaintiff's First Amended Complaint. (Doc. 17). That motion is currently pending before this Court.

On December 27, 2024, Defendants filed the present Motion to Stay Discovery and their corresponding Joint Statement pursuant to Local Rule 251 on January 15, 2025.

## II.    DISCUSSION

Defendants seek a stay of discovery pending resolution of their pending Partial Motion to Dismiss. (Doc. 27 at 7, 8.). However, the Court observes that any effort to engage in discovery would be premature at this time. Rule 26(d) states:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Fed. R. Civ. P. 26(d). As it does not appear the parties have held a Rule 26(f) conference, and in the absence of any stipulation or court order, no discovery may be sought. *See id.; see also Zappia v. World Sav. Bank FSB*, No. 14CV1428-WQH (DHB), 2015 WL 1608921, at *3 (S.D. Cal. Apr. 10, 2015).

Plaintiff asserts that she is entitled to discovery at this time because such discovery will "likely support [her] claims at issue in Defendants' Partial Motion to Dismiss." (Doc. 27 at 12, 14.) As set forth above, because it does not appear the parties have held a Rule 26(f) conference, Plaintiff may obtain early discovery under Rule 26(d) only by court order upon a showing of good cause. *See, e.g., Roadrunner Intermodal Servs., LLC v. T.G.S. Transportation, Inc*., Case No. 1:17-cv-01056-DAD-BAM, 2017 WL 3783017, at *3 (E.D. Cal. Aug. 31, 2017); *Apple Inc. v. Samsung Elecs. Co*., 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011); *In re Countrywide Fin. Corp. Derivative Litig*., 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron America, Inc*., 208 F.R.D. 273, 276 (N.D. Cal.

2002).  That discovery will "likely support her claims" at issue in Defendants' Partial Motion to Dismiss does not constitute good cause to justify early discovery at this time.  *Alcay v. City of Visalia*, No. 1:12-CV-1643 AWI SMS, 2013 WL 3244812, at *4 (E.D. Cal. June 26, 2013) ("If the factual allegations do not plausibly support a valid claim, then discovery is not justified and the claim will not go forward.").

Moreover, authorizing early discovery at this stage would not be practicable.[1]  The Court is vested with broad discretion to manage the process of discovery and to control the course of litigation, *see Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012), with the goal of ensuring the "just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1. Here, Defendants' Partial Motion to Dismiss challenges the sufficiency of the complaint and may result in changes to the operative pleading.  (*See* Docs. 17, 18.)  "A complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations."  *Coleman v. Quaker Oats Company*, 232 F.3d 1271, 1292 (9th Cir. 2000).  Until Defendants' Partial Motion to Dismiss is resolved, the actual claims and defenses at issue will be unclear.  Where, as here, the operative complaint is challenged by motion practice, "delaying discovery until the claims and defenses in the case are better defined reduces expenses, minimizes the burden of unnecessary discovery, and conserves judicial resources."  *In re Morning Song Bird Food Litig.*, No. 12CV1592-JAH(RBB), 2013 WL 12143947, at *3 (S.D. Cal. Jan. 25, 2013).  *See also Contentguard Holdings, Inc. v. ZTE Corp*., CASE NO. 12cv1226–CAB (MDD), 2013 WL 12072533, at *2 (S.D. Cal. Jan. 16, 2013) (observing "[i]t would be inefficient and cause unnecessary expense for the parties to engage in discovery on claims that may not survive and defenses and counterclaims that may not be asserted").

### III.    CONCLUSION AND ORDER

For the foregoing reasons, no discovery shall be sought at this stage of the proceedings. Accordingly, Defendants' "Motion to Stay Discovery" (Doc. 25) is premature and is DENIED

---

[1] Nor would holding a scheduling conference, which is why the undersigned has continued the conference "[i]n light  of the pending motion(s)."  (Doc. 28.)

WITHOUT PREJUDICE.   The hearing on the motion set for January 29, 2025, is hereby
VACATED.

IT IS SO ORDERED.

Dated:   **January 17, 2025**                    /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE