1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11  DOLORES WHITE,

12              Plaintiff,

13        vs.

14  CAPITAL ONE, National Association; MARY
    DICKSON, an individual; and DOES 1 through
15  50, inclusive,

16              Defendants.

17

Case No. 1:24-cv-00633-SKO

**ORDER DENYING WITHOUT
PREJUDICE PARTIES' STIPULATED
PROTECTIVE ORDER**

(Doc. 35)

18                    **I.    INTRODUCTION**

19        On May 22, 2025, the parties filed a request seeking Court approval of their stipulated

20  protective order.  (Doc. 35.)  The Court has reviewed the proposed stipulated protective order and

21  has determined that, in its current form, it cannot be granted.  For the reasons set forth below, the

22  Court DENIES *without prejudice* the parties' request to approve the stipulated protective order.

23                    **II.    DISCUSSION**

24  **A.    The Protective Order Does Not Comply with Local Rule 141.1(c)**

25        The proposed protective order does not comply with Rule 141.1 of the Local Rules of the

26  United States District Court, Eastern District of California.  Pursuant to Rule 141.1(c), any proposed

27  protective order submitted by the parties must contain the following provisions:

28  //

(1)    A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

(2)    A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

(3)    A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c).

Local Rule 141.1(c)(1) requires "[a] description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information."  The protective order, in its current form, does not comply with this requirement.  (*See, e.g.*, Doc. 35 at 2 (defining "'CONFIDENTIAL' Information or Items" as "information (regardless of how it is generated, stored, or maintained) or tangible things that contain confidential and non-public financial, strategic, or commercial information or non-public personal information or any other information for which a good faith claim of need for protection from disclosure can be made under the Federal Rules of Civil Procedure or other applicable law.").

The protective order also fails to identify the parties' need for protection.  As the parties do not present any *particularized* need for protection as to the identified categories of information to be protected, the protective order fails to comply with Local Rule 141.1(c)(2), which requires "[a] showing of particularized need for protection as to each category of information proposed to be covered by the order."

Finally, the requirement of Local Rule 141.1(c)(3) is not at all addressed.  In its current form, the protective order does not show "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties."

**B.    The Parties' Stipulated Protective Order is Denied <u>Without</u> Prejudice**

The parties may re-file a revised proposed stipulated protective order that complies with Local Rule 141.1(c) and corrects the deficiencies set forth in this order.

//

//

2

III.    CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the parties' request for approval of the stipulated protective order, (Doc. 35), is DENIED without prejudice to renewing the request.

IT IS SO ORDERED.

Dated:  **May 23, 2025**                    /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE